## SWEET CLAYTON v. THE STATE.

1. CONVEYING ARTICLES INTO A JAIL. — See an indictment which, notwithstanding its tautology and surplusage, is held sufficient to charge the offense of conveying instruments into a jail, with intent to facilitate the escape of a prisoner, detained therein on an accusation of felony.

2. ADMISSIONS BY COUNSEL. — It is error to instruct the jury that a material allegation of the indictment is admitted by the counsel for the defense. No such admissions by a defendant's counsel are evidence against him, or a proper subject for the consideration of the jury.

APPEAL from the District Court of Uvalde. Tried below before the Hon. T. M. PASCHAL.

The opinion sets out the charging part of the indictment, and such other matters as are discussed by this court.

*T. T. Teel* and *A. A. Dial,* for the appellant.   We believe that our motion in arrest of judgment should· have been sustained : (1) Because the indictment charges appellant with two distinct offenses — one for aiding and assisting prisoners lawfully detained in custody *to escape,* and to *attempt* to escape.   " Aiding and assisting to escape " is quite a different thing from " aiding and assisting to *attempt* to escape."   We do not believe there is any such offense as either " aiding and assisting to escape," or " aiding and assisting to attempt to escape."   We contend that the offense contemplated in article 1946 of Paschal's Digest, under which this indictment is attempted to be framed, is a distinct and different offense from that set forth in the indictment.   Had the district attorney followed the statute, without attempting to improve it, probably a good indictment could have been framed.   (2) The indictment charges appellant with " conveying " and " causing to be conveyed," etc.   The statute is, " if any person shall convey," etc.   There is no such offense as " conveying and causing to be conveyed."   " To convey " is something done by the first person ; . causing to be conveyed, the act is done by a second person.   It may be contended that the words " and caused to be conveyed " may be treated as surplusage ; but the appellant was charged and put upon his trial for the specific charge, " convey and cause to be conveyed," etc.   To say the least of it, it is a kind of double-geared fish-trap, that will catch in going up stream as well as down ; and if I can't catch you for " conveying " I will catch you for " causing to be conveyed," and if I can't catch you for the " intent to aid and assist prisoners to escape," I will catch you for the " intent to aid and assist prisoners to *attempt* to escape."   Just here we will say that the " intent " is the main ingredient of all criminal actions.   What must be the intent in a prosecution under article 1946, Paschal's Digest? Must it be to aid and assist?   It is not so nominated in the

statute. The "intent" must be "to facilitate," and the indictment nowhere charges that the offense was done with the "intent" to facilitate the escape of prisoners lawfully detained in custody; hence we contend that our motion in arrest of judgment should have been sustained.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. This prosecution is based upon the following provisions of our Penal Code, viz.: "If any person shall convey into any jail any disguise, instrument, arms, or anything useful to aid any prisoner in escaping, with intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall, in any other manner calculated to effect the object, aid in the escape of a prisoner legally confined in jail, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years." Pasc. Dig., art. 1946.

The indictment charges "that George Spears and Sweet Clayton, on the eighteenth day of the month of March, in the year of our Lord one thousand, eight hundred and seventy-eight, in said county of Uvalde, and state of Texas, with force and arms, and with the fraudulent, felonious, and unlawful intent to facilitate the escape of John Woods and Lark Clayton, prisoners lawfully detained and confined in the county jail of Uvalde County, Texas, on the charge of felony, to-wit, the crime of theft of a cow, did then and there fraudulently, feloniously, and unlawfully convey, and caused to be conveyed, into said jail of Uvalde County a certain instrument, to-wit, a file, said file being then and there an instrument useful to aid the prisoners, the said John Woods and Lark Clayton, in escaping from the said county jail of Uvalde County, in which said jail they, the said John Woods and Lark Clayton, were then and there

lawfully.detained and confined on an accusation of felony aforesaid, said file being then and there an instrument as aforesaid, and having then and there so conveyed into said jail, as aforesaid, was then and there delivered to the said John Woods and Lark Clayton by the said George Spears and Sweet Clayton, as aforesaid, with the fraudulent, felonious, and unlawful intent to aid and assist the said John Woods and Lark Clayton, who were then and there in lawful custody, as aforesaid, to escape, and attempt to escape, from and out of the said county jail of Uvalde County, Texas,'' etc.

Now, whilst this indictment may be obnoxious to the criticism that it is tautological and inartistically drawn, we are of opinion that it sufficiently charges the offense under the statute. The words '' and attempt to escape,'' in the last clause, as copied above, and which are objected to in defendant's motion in arrest of judgment, are mere surplusage, and may be stricken out without affecting the substance or sense of the indictment. A further reference to the beginning portion of the charge above set out will fully meet the other objection of counsel urged on the motion in arrest, to wit, that the intent must be *to facilitate*, and should be so charged. This the indictment does most explicitly.

The charge of the court, which was otherwise unexceptionable, presents an error which will necessitate a reversal of the case. In the fourth subdivision of the charge the jury are told that '' it is admitted by the defendant's counsel that John Woods and Lark Clayton were prisoners legally confined in the county jail of Uvalde County, on an accusation of felony, to-wit, theft of a cow.'' As was said in the case of *Nels* v. *The State* : '' The prisoner's counsel had no authority to make any statement or admission to supply the place or have the force of evidence against him. No confession of theirs could bind or affect him. Their admissions could not in law prejudice or affect his

rights; nor could they be in anywise jeopardized by the assumption of any grounds whatever upon which his defense may have been placed by his counsel. Whether those grounds were correct or incorrect, true or false, was wholly immaterial. That was not the question for the consideration of the jury, whose duty it was to decide the question of the guilt or innocence upon the law as given them by the court, and the evidence as given by the witnesses, irrespective of any admissions by the prisoner's counsel, or any grounds upon which they may have rested his defense." 2 Texas, 280.

For this error in the charge of the court, the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*