**Scott Arthur EDWARDS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–401–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 23, 2001.

Brett D. Boone, Fort Worth, for Appellant.

Tim Curry, Crim. District Attorney, Charles M. Mallin, Chief of Appellate Section, Danielle A. LeGault, Barbara Griffin, Ass't District Attorneys, Fort Worth, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

**OPINION**

DAUPHINOT, Justice.

Appellant Scott Arthur Edwards appeals from the trial court's judgment revoking

his probation. In a single point, Appellant argues that the trial court erred in revoking his probation for his failure to submit to a sex offender evaluation when such failure was due to Appellant's inability to pay for the evaluation. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 1993, a jury convicted Appellant of the offenses of illegal investment, conspiracy to commit illegal investment, and possession of methamphetamine. The trial court assessed his punishment at ten years' confinement and a $50,000 fine for the illegal investment offense, ten years' confinement and a $50,000 fine for the conspiracy offense, and ten years' confinement and a $1,000 fine for the possession offense. The trial court probated each sentence and placed Appellant on ten years' probation.

On October 23, 1998, the State filed a petition for revocation of probated sentence, alleging that Appellant violated the terms and conditions of his probation by committing the offense of indecent exposure. By judgment dated January 7, 1999, the trial court revoked Appellant's probation and sentenced him to five years' confinement for each of the original offenses. On April 30, 1999, the trial court probated Appellant's sentences for five years. As a condition of his probation, Appellant was ordered to submit to a sex offender evaluation as directed by the supervision officer or court.

On May 18, 2000, the State filed another petition to revoke Appellant's probation on the grounds that he failed to pay court costs and supervision fees and that he failed to submit to a sex offender evaluation on January 13, 2000, and April 3, 2000, as referred. The State subsequently waived the allegation regarding a failure to pay fees, and on August 10, 2000, following a hearing, the trial court entered its judgment revoking Appellant's probation for failure to submit to a sex offender evaluation. The trial court assessed Appellant's punishment at five years' confinement and a $50,000 fine for the illegal investment offense, five years' confinement and a $50,000 fine for the conspiracy offense, and five years' confinement and a $1,000 fine for the offense of possession of methamphetamine. In his sole point on appeal, Appellant contends that the trial court erred in revoking his probation for failure to submit to a sex offender evaluation because he was unable to pay for the evaluation.

## STANDARD OF REVIEW— REVOCATION OF PROBATION

The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.[1] Where the legal sufficiency of the evidence to support the trial court's order is challenged, we review the evidence in the light most favorable to the trial court's findings.[2] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.[3]

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion.[4] Where the State has failed to meet its burden of proof, the trial court

1. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim.App.1993).

2. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim.App.1983).

3. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981); *Montoya v. State*, 832 S.W.2d 138, 140 (Tex.App.—Fort Worth 1992, no pet.).

4. *Jackson*, 645 S.W.2d at 305.

abuses its discretion in issuing an order to revoke probation.[5]

## DISCUSSION

Appellant's monthly income, according to his uncontroverted testimony, was approximately $450, which was derived from social security mental disability benefits. Appellant testified that he has been diagnosed with depression and anxiety, and that he was receiving psychological counseling and medication at Mental Health and Mental Retardation (MHMR) through Medicaid. Appellant's MHMR treatment plan also addresses sexual issues. Appellant testified that the facility the probation department referred him to, Psychotherapy Services and Yokefellows, charged $750 for the required evaluation, that this was not covered by Medicaid benefits, and that he could not afford the expense. There was evidence that Appellant discussed with his probation officers the possibility of receiving the required assessment and treatment through his own MHMR doctor.

■ Albert Hudson, who began supervising Appellant in March 2000, testified that he told Appellant that he would not allow Appellant to satisfy his counseling and evaluation requirement through the MHMR program. After Appellant failed to keep his January 13 appointment at Psychotherapy Services, Hudson testified that he told Appellant that he would arrange the financing for the sex offender evaluation and scheduled another appointment for April 3. Hudson stated that he filled out a form to request payment for Appellant's assessment by the county, which was approved by his supervisors. The document Hudson described, however, does not mention payment of the fee. The document is a request that Psychotherapy Services conduct a psychosexual assessment on Appellant on April 3, 2000 at

10:00 a.m. On its face, the document merely schedules an appointment. Nothing in the record shows that the document provides for payment for the services by the county, and Hudson testified to nothing more than that a request for payment was approved by his supervisors. He did not testify that the county agreed to pay for the assessment or that approval of the request by his supervisors obligated the county auditor to pay for the services or constituted an agreement binding the county to pay the fees. Appellant testified that it was his understanding that the probation department would pay for the evaluation initially, "but then I would have to pay the money back."

Article 42.12 of the code of criminal procedure provides:

In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of the evidence.[6]

Here, however, the allegation that Appellant violated the conditions of his probation by failing to pay fees was waived by the State prior to the revocation hearing. Consequently, the only issue before the trial court was whether Appellant violated the conditions of his probation by his failure to submit to a sex offender evaluation as referred by the probation department. On this issue, Appellant testified that he attempted to reschedule his April 3 appointment with Psychotherapy Services because it interfered with his final exam

5. *Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984).

6. Tex.Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon Supp.2001).

schedule at the University of Texas at Arlington. According to Appellant, the counseling provider refused to reschedule the appointment. Appellant acknowledged telling Hudson after missing the April 3 appointment that he had to "blow off" his probation because of his school schedule. Additionally, Appellant admitted to the trial court that, while he knew that he was supposed to attend an appointment with Psychotherapy Services on April 3, he did not show up for that appointment because it interfered with his final exams, which were scheduled to begin the end of April.

The record before us is indeed disturbing. Appellant, who was mentally ill and whose income was only $450 a month, was assessed a probated $50,000 fine, the minimum allowed by statute, probation fees, court costs, a crime stoppers fee, and hundreds of dollars in counseling and evaluation costs. By any standard, this was a prescription for failure. It is clear that Appellant would be unable to meet these financial obligations. Nevertheless, the trial court did not revoke Appellant's probation for his failure to pay fees. Nor was Appellant expelled from a treatment program for failure to pay or denied an evaluation because of his inability to pay. Rather, the trial court implicitly found that Appellant's failure to submit to the required evaluation was not the result of his inability to pay. The record supports the trial court's finding. Accordingly, we hold that the trial court did not abuse its discretion in revoking Appellant's probation. We, therefore, overrule Appellant's sole point.

## CONCLUSION

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.