NO. 07-03-0487-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 30, 2004



______________________________




JERMAINE PERRYMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436535; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Jermaine Perryman brings this appeal from the revocation of his
community supervision. We affirm the revocation. Appellant was charged in a May 23,
2001 indictment with the offense of tampering with evidence. He was convicted on April
17, 2002, on his plea of guilty pursuant to a plea agreement. Punishment was assessed
at five years confinement in a state jail facility, a fine of $750.00 and court costs. The
sentence was suspended for a period of five years, conditioned on appellant's compliance
with the terms of his community supervision. 

 The State's first amended motion to revoke appellant's community supervision, filed
on March 14, 2003, alleged numerous violations of the conditions of his community
supervision. The alleged violations included commission of subsequent offenses, failure
to abstain from alcoholic beverages and narcotics, failure to report as required, failure to
pay restitution and fees, and failure to maintain employment. 

 At a hearing held October 23, 2003, appellant pleaded true to each of the
allegations contained in the State's first amended application to revoke probation. The
court assured that the plea was entered freely and voluntarily and that appellant was
satisfied with the representation provided by appointed counsel. No testimony or stipulation
of evidence was presented to the trial court. 

 At the hearing's conclusion the court found appellant had violated the conditions
of his community supervision and sentenced him in accordance with a plea agreement
with the State. The court ordered him to serve four years of the original sentence
imposed on his conviction. He filed a timely pro se notice of appeal and the trial court
appointed counsel to represent him on appeal. 

 The trial court's certification of appellant's right to appeal certifies that he waived
his right to appeal. (1) His counsel on appeal points out some ambiguities in the record
concerning the waiver, however. In view of those ambiguities, we will consider the appeal.
Cf. Hargesheimer v. State, 126 S.W.3d 658 (Tex.App.-Amarillo 2004, pet. ref'd). 

 Appellant's counsel has filed a motion to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and
representing that he had searched the record and found no arguable grounds for reversal. 
Counsel has certified that the record has been diligently reviewed and that in the opinion
of counsel, under the controlling authorities and facts of this case, there is no reversible
error or legitimate grounds for appeal. The motion and brief illustrate that appellant was
informed of his rights to review the appellate record and file his own brief. This court also
informed appellant that any pro se response or brief he cared to file had to be filed by 
March 12, 2004. 

 Appellant filed a timely response, in which he alleges there was insufficient
evidence to prove he was guilty of the alleged violations. (2) He also asserts that he was
denied effective assistance of counsel during trial. If this court determines the appeal has
merit, we will remand it to the trial court for appointment of new counsel. See Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).


 Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.
1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court
abuses its discretion in revoking community supervision if the State fails to meet its
burden of proof. Cardona, 665 S.W.2d at 493-494.

 In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Edwards
v. State, 54 S.W.3d 834, 835 (Tex.App.-Fort Worth 2001, pet ref'd). The trial judge in
such a proceeding is the sole trier of fact. Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone,
is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470
(Tex.Crim.App. 1979). 

 Appellant's pleas of true to each alleged violation of the conditions of his
community supervision are sufficient to support the court's judgment. The record also
indicates that appellant was competent to make the plea at the time of the hearing and
that it was made voluntarily. Appellant's first issue is not meritorious.

 We now turn to appellant's claim of ineffective assistance of counsel. Appellant
does not point out a specific error of counsel as the basis for his claim. He argues that
"Counsel for the accused cannot agree that [the] client is guilty nor admit existence of
incrimatory [sic] facts," citing Nels v. State, 2 Tex. 280 (Tex. 1847); Clayton v. State, 4
Tex. Ct. App. 515 (1878) and Owens v. State, 43 Tex. Crim. 249, 63 S.W. 634 (1901). 
These cases from early Texas jurisprudence involve improper statements made against
a defendant by trial counsel or the court during the adjudication phase of jury trials. A
probation revocation proceeding is neither a criminal nor a civil trial, but rather an
administrative hearing. Cobb v.State, 851 S.W.2d at 873.

 Further, revocation of appellant's community supervision was based solely upon
his own plea of true. Appellant's counsel made no admissions regarding the guilt of the
defendant, nor did she admit any facts that might have incriminated her client. The cases
referred to by appellant have no relevance to his counsel's conduct at the revocation
hearing. As that is the only error alleged by appellant, and because we find nothing in
the record to indicate he received ineffective assistance of counsel in entering his plea, (3)
we do not find it to be a meritorious issue. 

 We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. Penson v. Ohio, 488 U.S. 75, 109 S. Ct. 346,
102 L. Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).
We have found no such grounds and agree with appellate counsel that the appeal is
without merit. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974).

 The trial court did not abuse its discretion in revoking appellant's community
supervision. We grant counsel's motion to withdraw, overrule the issues raised by
appellant, and affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice



Do not publish. 

1. Tex. R. App. P. 25.2(a)(2), (d).
2. 
 ' 
 
 
 ' 
3. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984).