NO. 07-03-0487-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2004

______________________________

JERMAINE PERRYMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436535; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Jermaine Perryman brings this appeal from the revocation of his community supervision. We affirm the revocation. Appellant was charged in a May 23, 2001 indictment with the offense of tampering with evidence.  He was convicted on April 17, 2002, on his plea of guilty pursuant to a plea agreement. Punishment was assessed at five years confinement in a state jail facility, a fine of $750.00 and court costs. The sentence was suspended for a period of five years, conditioned on appellant’s compliance with the terms of his community supervision.  

The State’s first amended motion to revoke appellant’s community supervision, filed on March 14, 2003, alleged numerous violations of the conditions of his community supervision.  The alleged violations included commission of subsequent offenses, failure to abstain from alcoholic beverages and narcotics, failure to report as required, failure to pay restitution and fees, and failure to maintain employment. 

At a hearing held October 23, 2003, appellant pleaded true to each of the allegations contained in the State’s first amended application to revoke probation.  The court assured that the plea was entered freely and voluntarily and that appellant was satisfied with the representation provided by appointed counsel. No testimony or stipulation of evidence was presented to the trial court
.  

At the hearing’s conclusion the court found appellant had violated the conditions of his community supervision and  sentenced him in accordance with a plea agreement with the State.
  The court ordered him to serve four years of the original sentence imposed on his conviction. He filed a timely 
pro se
 notice of appeal and the trial court appointed counsel to represent him on appeal.  

The trial court’s certification of appellant’s right to appeal certifies that he waived his right to appeal.
(footnote: 1)  His counsel on appeal points out some ambiguities in the record concerning the waiver, however. In view of those ambiguities, we will consider the appeal. 
Cf. Hargesheimer v. State
, 126 S.W.3d 658 (Tex.App.–Amarillo 2004,
 pet. ref’d). 

Appellant’s counsel has filed a motion to withdraw, after filing a brief pursuant to 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal.  Counsel has certified that the record has been diligently reviewed and that in the opinion of counsel, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal.  The motion and brief illustrate that appellant was informed of his rights to review the appellate record and file his own brief. This court also informed appellant that any 
pro se
 response or brief he cared to file had to be filed by  March 12, 2004. 

Appellant filed a timely response, in which he alleges there was insufficient evidence to prove he was guilty of the alleged violations.
(footnote: 2)   He also asserts that he was denied effective assistance of counsel during trial. 
 If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. 
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. 
 Cardona v. State
, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona
, 665 S.W.2d at 493-494.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. 
 
Cobb v. State
, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); 
Edwards v. 
State, 54 S.W.3d 834, 835 (Tex.App.–Fort Worth 2001, pet ref’d).
  The trial judge in such a proceeding is the sole trier of fact. 
 Taylor v. State
, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980).  A defendant’s plea of true to an alleged violation, standing alone, is sufficient to support the revocation. 
 Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). 

Appellant’s pleas of true to each alleged violation of the conditions of his community supervision are sufficient to support the court’s judgment.  The record also indicates that appellant was competent to make the plea
 at the time of the hearing and that  it was made voluntarily.
 Appellant’s first issue is not meritorious.

We now turn to appellant’s claim of ineffective assistance of counsel. Appellant does not point out a specific error of counsel as the basis for his claim.  He argues that “Counsel for the accused cannot agree that [the] client is guilty nor admit existence of incrimatory [sic] facts,” citing 
Nels v. State
, 2 Tex. 280 (Tex. 1847); 
Clayton v. State
, 4 Tex. Ct. App. 515 (1878) and 
Owens v. State
, 43 Tex. Crim. 249, 63 S.W. 634 (1901).   These cases from early Texas jurisprudence involve improper statements made against a defendant by trial counsel or the court during the adjudication phase of jury trials.  A probation revocation proceeding is neither a criminal nor a civil trial, but rather an administrative hearing. 
Cobb v.State
, 851 S.W.2d at 873.

Further, revocation of appellant’s
 community supervision was based solely upon his own plea of true. Appellant’s counsel made no admissions regarding the guilt of the defendant, nor did she admit any facts that might have incriminated her client. The cases referred to by appellant have no relevance to his counsel’s conduct at the revocation hearing.   As that is the only error alleged by appellant, and because we find nothing in the record to indicate he received ineffective assistance of counsel in entering his plea,
(footnote: 3) we do not find it to be a meritorious issue. 

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal.  
Penson v. Ohio
, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with appellate counsel that the appeal is without merit.
  Currie v. State
, 516 S.W.2d 684 (Tex.Crim.App. 1974).

The trial court did not abuse its discretion in revoking appellant’s community supervision. We grant counsel’s motion to withdraw, overrule the issues raised by appellant, and affirm the judgment of the trial court. 
 

James T. Campbell

         Justice

Do not publish.  

FOOTNOTES
1:
Tex. R. App. P. 25.2(a)(2), (d).

2:
2
He does not indicate whether this complaint is in regard to the original trial, or the hearing on the State’s motion to revoke.  Appellant is precluded from raising claims concerning the conviction that resulted in the trial court placing him on probation. 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999).
  Our review of the record is limited to issues relating only to revocation of appellant’s community supervision. 
Id. 
at 661.

3:
See Strickland v. Washington
, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).