# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00608-CR

**Carl Sikes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 00-008-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Carl Sikes appeals the order revoking his probation which was granted after his conviction for attempted indecency with a child by contact. *See* Tex. Penal Code Ann. §§ 15.01, 21.11 (West 2003).

## POINT OF ERROR

Appellant does not expressly state his point of error. The crux of his "summary of argument" is that, despite the plea agreement in the original plea proceedings, the cumulation order then entered was an improper order in light of section 3.03(a) of the Texas Penal Code.[1]

---

[1] Section 3.03(a) provides:

(a)     when the accused is found guilty of more than one offense arising out of the same criminal episode in a single criminal action a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

## PROCEDURAL BACKGROUND

On January 11, 2000, a two-count indictment was returned charging that on or about September 18, 1999, appellant committed the offenses of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11.

On March 2, 2000, appellant entered into a plea agreement with the State. Waiving trial by jury, appellant entered a plea of guilty before the trial court to count one of the indictment and a plea of guilty to the lesser-included offense of attempted indecency with a child by contact as charged in count two of the indictment. As a part of the plea agreement approved by the trial court, appellant was sentenced to five years' imprisonment on count one. With regard to count two, the imposition of the sentence was suspended, *see* Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a) (West Supp. 2007), and appellant was placed on "regular" probation for ten years. The judgment contained a cumulation order, as a part of the plea agreement, that appellant's probation would not begin until appellant had discharged his five year prison sentence imposed as a result of his conviction on count one.

Before accepting the pleas of guilty or approving the plea agreement, the trial court carefully explained to appellant, a former police officer, the terms of the plea agreement including the cumulation order. Appellant, represented by counsel, assured the trial court that he fully understood each term of the plea agreement.

---

Tex. Penal Code Ann. § 3.03(a) (West Supp. 2006). Section 3.03(a) has remained virtually unchanged since 1973.

On April 13, 2000, the formal judgment and sentence on count one was entered of record. On the same date, the formal judgment of probation with the cumulation order but without sentence was also entered of record. Appellant waived his right to appeal.

The record reflects that appellant served his full five year prison sentence and was released in April 2005. Thereafter, appellant commenced his probationary term of ten years subject to certain conditions.

On April 12, 2006, the State filed a motion to revoke probation alleging a number of violations of probationary conditions. On September 15, 2006, at the revocation hearing, appellant entered a plea of "true" to several of the allegations. The trial court continued the hearing and found additional alleged violations of conditions to be true. Appellant's ten-year probation was revoked, and he was sentenced to five years' imprisonment on count two. At the revocation hearing there was no objection nor was an issue raised about the plea agreement or the cumulation order. Appellant did give notice of appeal from the revocation of probation.

## DISCUSSION

Appellate review of an order revoking probation is limited to whether the trial court abused its discretion. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980); *Edwards v. State*, 54 S.W.3d 834, 835 (Tex. App.—Fort Worth 2001, pet. ref'd); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Appellant does not claim that the trial court abused its discretion in revoking probation nor does he attack the sentence imposed after revocation.

3

Appellant was accorded a right to appeal from a conviction resulting in the granting of probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp. 2007). Appellant waived that right. The failure to appeal from such conviction at the time probation is imposed waives the right to complain of any error in the underlying conviction on appeal from the revocation of probation. *See Manuel v. State,* 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); *Corley v. State,* 782 S.W.2d 859, 860 (Tex. Crim. App. 1990); *Traylor v. State,* 561 S.W.2d 492, 494 (Tex. Crim. App. 1978); *Holiday v. State,* 983 S.W.2d 326, 327 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). *Manuel* extended this rule to the deferred adjudication context. 994 S.W.2d at 661.

In his brief, appellant does not acknowledge the rule and does not discuss the recognized exceptions to the rule. In the earlier cases dealing with appeals from revocation of "regular" probation, there were exceptions to the general rule when the error was fundamental or there was a lack of jurisdiction so as to render the judgment void. *See, e.g., Corley,* 782 S.W.2d at 860 n.2; *Gonzales v. State,* 723 S.W.2d 746, 747 n.3 (Tex. Crim. App. 1987); *Morgan v. State,* 571 S.W.2d 333, 334-35 (Tex. Crim. App. 1978); *Evans v. State,* 690 S.W.2d 112, 115 (Tex. App.—El Paso 1985, pet. ref'd). Two exceptions to the general rule announced in *Manuel* and *Whetstone* have emerged: the void judgment exception and the habeas corpus exception. *See Nix v. State,* 65 S.W.3d 666, 667 (Tex. Crim. App. 2001); *Jordan v. State,* 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Few v. State,* 136 S.W.3d 707, 711 (Tex. App.—El Paso 2004, no pet.).

The void judgment exception applies in "rare situations" in which the trial court had no power to render the judgment. *Nix,* 65 S.W.3d 667; *Few,* 136 S.W.3d at 711. A judgment of

4

conviction is void when (1) the charging instrument did not satisfy the constitutional requisites of a charging instrument; (2) the trial court did not have subject matter jurisdiction over the offense; (3) there was no evidence to support the conviction; or (4) counsel was not appointed for an indigent defendant who had not waived the right to counsel. *Nix*, 65 S.W.2d at 668. The Court of Criminal Appeals has stated: "while we hesitate to call this an exclusive list, it is very nearly so." *Id*.

Like the void judgment exception, the habeas corpus exception has been narrowly drawn. *Few*, 136 S.W.3d at 711. Pursuant to this exception, an appellate court must consider the merits of issues that were raised in a petition for writ of habeas corpus before probation was revoked, if the issues are cognizable by a writ of habeas corpus, and if the defendant attempted to litigate the issues at the revocation hearing. *Nix*, 65 S.W.3d at 669-70; *Few*, 136 S.W.3d at 711. Of course, under this exception, a petition for a writ of habeas corpus must have been timely filed. *Nix*, 65 S.W.3d at 670 (citing *Jordan v. State*, 54 S.W.3d 783 (Tex. Crim. App. 2001)). No habeas corpus petition was filed in the instant case, so that exception is not applicable here.

In his brief, appellant does not designate his claim as within the void judgment exception. He does assert that section 3.03(a) is a statutorily mandated statute requiring "sentences" to run concurrently under certain conditions and that he is entitled to its benefits. Appellant urges that the cumulation order entered as a part of the plea agreement was improper and voided the judgment and sentence in the instance case. *See LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim.

5

App. 1992). *LaPorte* is distinguishable,[2] but we shall consider whether section 3.03(a) entitles appellant to the relief he claims.

The primary statute now dealing with cumulative sentencing is article 42.08 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.08 (West 2006). It generally authorizes a trial court, in its discretion, to either cumulate the sentences or allow them to run concurrently. Article 42.08 has been broadly interpreted to apply to "convictions," not just sentences. *See Pettigrew v. State*, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001). Under *Pettigrew*, the trial court's cumulation or stacking order in the instant case appears proper, even though only one sentence was imposed at that time. Appellant does not mention article 42.08 but relies upon section 3.03(a) for his claim that the "sentences" should have run concurrently. *See* Tex. Penal Code Ann. § 3.03(a) (West Supp. 2006). Section 3.03(a) is a statutory limitation on article 42.08.

---

[2] Appellant relies in part upon *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) which stated: "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived." *See also Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The *LaPorte* language was overly broad and misleading. First, the cumulation order must be improper. Second, if the impropriety of the order renders the order void, it does not logically follow that it voids the entire judgment and sentence. In *LaPorte* itself, the court reformed the judgments to delete the cumulation order and affirmed the judgments and sentences, as reformed. 840 S.W.2d at 415. The proper remedy for a void cumulation order is to reform the judgment to delete the offending cumulation order. *Reedy v. State*, 194 S.W.3d 595, 603 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996)); *see also Rhodes v. State*, 175 S.W.3d 348, 356 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (Keyes, J., dissenting).

6

*LaPorte*, 840 S.W.2d at 415.  Even if section 3.03(a) were applicable, as appellant claims, there are

statutory exceptions to section 3.03(a).[3]

<hr>

[3]  Among the pertinent exceptions are the provisions of subsection (b) of section 3.03, in effect at the time of the commission of the instant offense, which provide:

(b)    If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

   (1)    an offense:

      (A)    under Section 49.08; or

      (B)    for which a plea agreement was reached in a case in which the accused was charged with more than one offense under Section 49.08; or

   (2)    an offense:

      (A)    under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

      (B)    for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section.

Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2251 (amended 2005) (current version at Tex. Penal Code Ann. § 3.03(b) (West Supp. 2006)).

Appellant successfully exempts himself from the exception in section 3.03(b)(2)(A), *See* Tex. Penal Code Ann. § 3.03(b)(2)(A) (West Supp. 20007), by citing *Parfait v. State*, 120 S.W.3d 318, 350 (Tex. Crim. App. 2003), in which the court of criminal appeals held that the exception is inapplicable to certain attempted offenses.[4]

Appellant does not mention when section 3.03(b)(2)(B) comes into play as an exception to the concurrent "sentences" requirement of section 3.03(a). This exception permits consecutive sentencing when a plea agreement, as here, is involved. A careful reading of section 3.03(b)(2)(B) shows that it is applicable when the defendant is merely *charged* with more than one offense under sections 21.11, 22.011, 22.021, 25.02, or 43.25 of the penal code. The key word is *charged*, not convicted. Here, appellant was *charged* by indictment with two counts of indecency with a child under the age of seventeen years under section 21.11. Appellant's guilty pleas were in accordance with the plea agreement. Even if it could be argued, as appellant does, that section 3.03(a) would normally require concurrent sentences, appellant's case clearly falls within the

---

[4] In *Parfait v. State*, 120 S.W.3d 348, 350 (Tex. Crim. App. 2003), it was held that section 3.03(b)(2)(A)—an exception to section 3.03(a), and which authorizes sentences to run consecutively in offenses under sections 21.11, 22.011, 22.021, 25.02 or 43.25 of the penal code—did not include attempt offenses under section 15.01 of the penal code. *See* Tex. Penal Code Ann. § 15.01 (West 2003). Thus, the sentences in *Parfait* for indecency with a child under section 21.11 and attempted sexual assault of a child could not be stacked or run consecutively. *Parfait*, 120 S.W.3d at 350. We agree with appellant that section 3.03(b)(2)(A) cannot be applied in the instant case as an exception to section 3.03(a) because of his conviction for attempted indecency with a child.

exception set forth in section 3.03(b)(2)(B).[5] The trial court did not err in permitting the cumulation order to be included in the plea agreement.

We conclude that appellant's collateral attack raised on appeal from the revocation of probation is without merit and presents no error. Because there is no error, we need not discuss waiver of error or the doctrine of invited error. Whether error or not, an accused is not allowed to complain on appeal about a trial action that he procured or brought upon himself at trial from which he incurred a benefit.

The plea agreement that appellant entered freely and voluntarily, and about which he was carefully admonished, was most favorable to appellant, who was facing charges that could have

---

[5] Because the exception to section 3.03(a) found in subsection 3.03(b)(2)(B) applies here, we do not reach the question of whether section 3.03(a), in the absence of any exceptions, would be relevant to appellant's claim as he insists. In appellant's situation, there was one sentence and a judgment of probation (without a sentence) and a cumulation order. The language of section 3.03(a) provides in part that "a sentence for each offense for which he has been convicted shall be pronounced" and "shall run concurrently." Tex. Penal Code Ann. § 3.03(a). The statutory language has remained virtually unchanged since 1973 and through two revisions of the Texas Penal Code when the section was simply section 3.03 and was the entire statute. *Compare* Act of May 24, 1973, 63rd Leg., R.S., ch. 391, § 1, 1973 Tex. Gen. Laws 883, 891, with Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3592. Section 3.03 became section 3.03(a) in 1995 when the first exceptions were added. Act of May 25, 1995, 74th Leg., R.S., ch. 596, § 1, 1995 Tex. Gen. Laws 3435. There have been other amendments to the statute in the form of exceptions. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 92, 1997 Tex. Gen. Laws 2250, 2251; Act of May 23, 2005, 79th Leg., R.S., ch. 527, § 1, 2005 Tex. Gen. Laws 1429, 1430. Section 3.03(a) has remained the same as in the 1995 legislative amendment.

A sentence is still required to be pronounced. *See* Tex. Code Crim. Proc. Ann. art. 42.03 (West Supp. 2007). Probation is an arrangement in lieu of a sentence, not a part of a sentence. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). While a sentence and an order of probation may be cumulated under article 42.08 as interpreted in *Pettigrew*, 48 S.W.3d 769, 772 (Tex. Crim. App. 2001), it may be a questionable practice under section 3.03(a)'s plain language. This, however, is not a question we need to resolve here.

resulted in two twenty-year sentences, and it cannot be said that the plea agreement exceeded the maximum penalty provided by law for the offenses charged, even with the cumulation order.

From a practical standpoint, it was immaterial whether the order was a cumulation order or a concurrent order. Appellant was still within his ten-year probation period when he violated his probationary conditions, so it matters not whether the probationary period commenced at the same time the earlier prison sentence was pronounced or did not begin until that prison sentence had been discharged. Thus, even if we agreed with appellant that the cumulation order was void, the remedy would be reformation of the judgment to delete the cumulation order.

The order revoking probation is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Waldrop and Onion*

Affirmed

Filed: December 5, 2007

Do Not Publish

_____

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

10