Lawrence Wendall **FEW**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 08–03–00508–CR.**

Court of Appeals of Texas, El Paso.

May 13, 2004.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Virginia Longoria, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before Panel No. 3 BARAJAS, C.J., SUSAN LARSEN, and CHEW, JJ.

## *OPINION*

SUSAN LARSEN, Justice.

Lawrence Wendall Few appeals from an order revoking his probation, adjudicating him guilty of aggravated assault, and sentencing him to two years' imprisonment. The State has filed a motion to dismiss the appeal. Having concluded that we do not have the power to address the merits of the issues raised by Few, we will grant the State's motion and dismiss the appeal.

## PROCEDURAL BACKGROUND

In February 2001, Few pleaded guilty to aggravated assault pursuant to a plea agreement with the State. In accordance with the agreement, the trial court deferred adjudicating Few's guilt and placed him on probation for two years. In April 2002, the State filed a Motion to Adjudicate Guilt, and in June 2003, the State filed a First Amended Motion to Adjudicate Guilt.

On June 17, 2003, Few filed a *pro se* Petition for Great Writ of Habeas Corpus. Few raised several allegations in this petition, including actual innocence, excessive bail, involuntary servitude, and "sham proceedings" perpetrated by "unregistered foreign agents." The trial court denied the Petition on June 20, 2003.

On July 16, 2003, Few's newly retained counsel filed an Application for Writ of Habeas Corpus/Request for Hearing. In this application, counsel argued that Few was being held without bond or that the bond amount was excessive and that the First Amended Motion to Adjudicate Guilt was barred by limitations because it was filed after his probation expired. Counsel also argued that Few's ability to defend himself was prejudiced by the lapse of time "in prosecution" of this case. The next day, Few filed a second *pro se* Petition for Great Writ of Habeas Corpus, making essentially the same allegations as his first petition. On July 22, 2003, the trial court signed an order stating that the court "after having carefully considered defendant's motion, arguments of counsel, proffered evidence, and the applicable case

law hereby DENIES the application for writ of habeas corpus."

On July 28, 2003, Few's counsel filed a "Motion to Dismiss for Want of Speedy Trial." Counsel asserted that the State had not shown due diligence in arresting Few one year and three months after filing the Motion to Adjudicate Guilt. She also argued, as in the Application for Writ of Habeas Corpus/Request for Hearing, that Few's ability to defend himself was prejudiced by the lapse of time in prosecution of this case.

On August 26, 2003, the trial court conducted a hearing on Few's motion to dismiss and the State's motion to adjudicate. Few's probation officer testified at the hearing on the motion to dismiss that a capias for Few's arrest was issued and executed after the State filed its Motion to Adjudicate and before Few's probation expired. Few's counsel argued that the issuance of that capias was irrelevant because it occurred before the State filed its First Amended Motion to Adjudicate. But the judge and the prosecutor agreed that it was established at a previous hearing that the State was going to proceed on its original Motion to Adjudicate rather than the First Amended Motion to Adjudicate.

Few also testified at the hearing on the motion to dismiss. Over the prosecutor's relevance objection, the judge allowed Few to testify regarding the circumstances surrounding his February 2001 guilty plea. Few claimed that he was using prescription medication and was under stress and that his legal representation was "less than optimal." He also claimed that one of his witnesses was unavailable. Few's counsel argued that this testimony was relevant to show that his plea was involuntary and that he was prejudiced by the State's delay in prosecuting him. Few additionally testified regarding alleged prejudice that resulted from the delay in conducting the adjudication hearing. At the conclusion of the hearing, the judge overruled the motion to dismiss and proceeded to the adjudication hearing. After the judge adjudicated Few guilty, Few's counsel requested "permission to file an appeal … in this case." The judge stated, "Well, if I have the authority to give you permission to appeal, you got it."

Few filed a motion for new trial on September 3, 2003, and a notice of appeal on November 20, 2003. On November 28, 2003, the trial court signed an order denying a writ of habeas corpus. The record does not contain a habeas petition filed after the July 22 order denying habeas relief. Therefore, it is not clear why the November 28 order was signed.[1] On December 15, 2003, the judge signed a Certification of Defendant's Right of Appeal. He checked blanks in front of the following statements: (1) "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal" and (2) "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."

Few's brief raises five issues: (1) whether he timely raised his argument regarding the voluntariness of his guilty plea; (2) whether his guilty plea was knowing and voluntary; (3) whether he was denied ef-

---

1. The signature on the November 28 order is illegible. The record contains a subsequent order denying habeas relief that is almost identical to the November 28 order. The only differences are that the subsequent order was signed on December 17, 2003 by the presiding judge and states that a hearing on the motion was held on June 20, 2003. Thus, it appears that this order refers to Few's first *pro se* petition. The record does not reveal why the judge signed two orders on this petition.

fective assistance of counsel before he pleaded guilty; (4) whether he was denied his right to a speedy trial before entering his guilty plea; and (5) whether the revocation of his probation was barred by limitations.

## APPLICABLE LAW

### Limitations on Appealing Issues Related to the Guilty Plea

A plea-bargaining defendant may only appeal: (1) matters that were raised by written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. Tex.R.App. P. 25.2(a)(2). In every criminal case in which the defendant appeals, the trial court must certify whether the defendant's appeal falls within one of the two categories listed in rule 25.2(a)(2). Tex.R.App. P. 25.2(d).This Court, however, is not bound by the trial court's certification. *Stowe v. State*, 124 S.W.3d 228, 232–33 (Tex.App.-El Paso 2003, no pet.). We have held that we are not deprived of the power to consider an appeal by a trial court's erroneous certification that the defendant does not have the right of appeal. *Id.* at 236–37. Similarly, we are not vested with the power to consider an appeal by virtue of a trial court's erroneous certification that the defendant *does* have the right of appeal.

Rule 25.2(a)(2) applies when a defendant seeks to challenge issues related to his conviction in an appeal from the revocation of deferred adjudication probation. *Woods v. State*, 68 S.W.3d 667, 669 (Tex.Crim.App.2002); *Carroll v. State*, 119 S.W.3d 838, 839 (Tex.App.-San Antonio 2003, no pet.). But it does not apply when the defendant seeks to challenge issues unrelated to his conviction in an appeal from the revocation of deferred adjudication probation. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex.Crim.App.2001); *Carroll*, 119 S.W.3d at 839.

Generally, a defendant who is placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication probation is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). Such issues may not be raised in an appeal from an order revoking probation and adjudicating guilt. *Id.* There are two exceptions to the general rule stated in *Manuel:* the "void judgment exception" and the "habeas corpus exception." *See Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim.App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex.Crim.App.2001); *Stowe*, 124 S.W.3d at 234.

The void judgment exception applies in "rare situations" in which the trial court had no power to render the judgment. *Nix*, 65 S.W.3d at 667. A judgment of conviction is void when: (1) the charging instrument did not satisfy the constitutional requisites of a charging instrument; (2) the trial court did not have subject matter jurisdiction over the offense; (3) there was no evidence to support the conviction; or (4) counsel was not appointed for an indigent defendant who had not waived the right to counsel. *Id.* at 668. The Court of Criminal Appeals has stated, "While we hesitate to call this an exclusive list, it is very nearly so." *Id.*

Like the void judgment exception, the habeas corpus exception has been narrowly drawn. Pursuant to this exception, an appellate court must consider the merits of issuesthat were raised in a petition for writ of habeas corpus before probation was revoked if the issues are cognizable by a writ of habeas corpus and if the defendant attempted to litigate the issues at the revocation hearing. *Id.* at 669–70;

*Jordan,* 54 S.W.3d at 786; *Stowe,* 124 S.W.3d at 234.[2]

### Limitation on Appealing Issues Related to the Adjudication of Guilt

The Code of Criminal Procedure provides that when a person violates a condition of deferred adjudication probation, he "is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." Tex.Code Crim. Proc. Ann.Art. 42.12, '5(b) (Vernon Supp.2004). The Court of Criminal Appeals has construed this provision to mean that "an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process." *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Such an appellant may, however, raise issues that arose after the adjudication of guilt, such as issues related to punishment. *See Stowe,* 124 S.W.3d at 235.

### DISCUSSION

#### Issues Related to the Guilty Plea

■ Few's first two issues concern the voluntariness of his guilty plea; his third issue concerns the effectiveness of the attorney who represented him in his guilty plea; and his fourth issue concerns whether he was denied his right to a speedy trial before entering his guilty plea. Because all these issues relate to the original guilty plea, they may not properly be raised in this appeal from an order revoking deferred adjudication probation unless they fall within the void judgment or habeas corpus exceptions.

■ None of the issues raised by Few is included in the Court of Criminal Appeals' list of reasons for declaring a judgment void. *See Nix,* 65 S.W.3d at 668. Involuntary plea or ineffective assistance claims, even if meritorious, do not render a conviction void. *See id.* at 669; *Jordan,* 54 S.W.3d at 785; *Williams v. State,* 837 S.W.2d 759, 761 n. 1 (Tex.App.-El Paso 1992, no pet.). We conclude that a meritorious speedy trial claim likewise does not render a conviction void. *See Nix,* 65 S.W.3d at 669 ("[A] voiding defect should be one that can be ascertained from the record with little difficulty.").

At least some of Few's issues are cognizable by writ of habeas corpus. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex. Crim.App.2003) (ineffective assistance claim cognizable); *Jordan,* 54 S.W.3d at 785 (involuntariness claim cognizable); *Ex parte McKenzie,* 491 S.W.2d 122, 123–24 (Tex.Crim.App.1973) (considering speedy trial claim in post-conviction habeas proceeding). *But see Smith v. Gohmert,* 962 S.W.2d 590, 593 (Tex.Crim.App.1998) (holding that speedy trial claim could not entitle defendant to pretrial habeas relief because he had an adequate remedy at law). Few also attempted to litigate these issues at the motion to dismiss/adjudication hearing. Nevertheless, we conclude that Few has not satisfied all the requirements of the habeas corpus exception.

**2.** The basis for the habeas corpus exception is judicial economy. *Nix,* 65 S.W.3d at 669–70. For purposes of filing a petition for writ of habeas corpus, a deferred adjudication order is not a final conviction. *Id.* at 669. Therefore, a habeas petition filed before revocation is returnable to the trial court with a direct appeal to the court of appeals. *Id.* Because the trial court also makes the decision whether to revoke probation, again with a direct appeal to the court of appeals, consolidating the two proceedings could save judicial resources. *See id.* at 669–70.

The record contains three habeas petitions or applications filed by Few and his counsel. Few's voluntariness and ineffective assistance claims were not raised in any of these pleadings. Therefore, we will not consider these claims in this appeal. *See Nix,* 65 S.W.3d at 669–70; *Jordan,* 54 S.W.3d at 786; *Stowe,* 124 S.W.3d at 234.

Few's speedy trial claim was raised in the Application for Writ of Habeas Corpus/Request for Hearing filed by his counsel, but it was also raised in the Motion to Dismiss for Want of Speedy Trial. The speedy trial claim was litigated at the motion to dismiss/adjudication hearing in the context of the Motion to Dismiss for Want of Speedy Trial, not in the context of the Application for Writ of Habeas Corpus/Request for Hearing. By the time the hearing was held, the trial court had already signed an order denying habeas relief. Therefore, because the Application for Writ of Habeas Corpus was not litigated at the same hearing as the revocation, the habeas corpus exception does not apply. *See Nix,* 65 S.W.3d at 669–70.

Moreover, when the trial court signed the order denying habeas relief on July 22, 2003, that order was immediately appealable to this Court. *Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991); *Ex parte Brooks,* 97 S.W.3d 639, 639–40 (Tex. App.-Waco 2002, no pet.); *Green v. State,* 999 S.W.2d 474, 476 (Tex.App.-Fort Worth 1999, pet. ref'd). If Few wished to appeal the order, he had to file a notice of appeal within thirty days after the order was signed. *See* Tex.R.App. P. 26.2(a)(1);

*Green,* 999 S.W.2d at 476. Few's only notice of appeal was filed on November 20, 2003. Although the notice of appeal was timely to perfect an appeal from the trial court's decision to revoke his probation, it was not timely to perfect an appeal from the trial court's order denying habeas relief. *See* Tex.R.App. P. 26.2(a)(2); *Green,* 999 S.W.2d at 476–77. Therefore, we do not have jurisdiction to review the trial court's order denying habeas relief. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim.App.1996); *Green,* 999 S.W.2d at 476–77.

The trial court's certification of Few's right of appeal does not change our conclusion that we lack the power to consider issues related to the guilty plea. The certification was partly based on the trial court's permission to appeal. At the conclusion of the motion to adjudicate hearing, the trial judge stated, "Well, if I have the authority to give you permission to appeal, you got it." As explained below, we conclude that the trial judge did not have the authority to give Few permission to appeal the issues related to his guilty plea.[3]

In *Woods,* the Court of Criminal Appeals held that the predecessor to rule 25.2(a)(2) "controls an appeal, made either before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction." 68 S.W.3d at 669.[4] Read in isolation, this sentence could be interpreted as allowing a plea-bargaining defendant to appeal issues related to his conviction in the appeal from the revocation of deferred

---

**3.** The certification was also partly based on matters raised by written motion filed and ruled on before trial. The record does not contain any written motions that were ruled on before Few's guilty plea and that raised the issues he raises in this appeal. Rule 25.2(a)(2) provides that when a plea-bargaining defendant receives the punishment recommended by the prosecutor, he "may appeal

*. . . those matters* that were raised by written motion filed and ruled on before trial." Tex. R.App. P. 25.2(a)(2)(A) (emphasis added).

**4.** For guidance in interpreting rule 25.2(a)(2), we may use cases construing predecessor rules for guidance. *Woods,* 68 S.W.3d at 669 n. 6; *see also Carroll,* 119 S.W.3d at 839.

adjudication probation, if the trial court granted permission or the issues were raised by written pretrial motions. But when the sentence is considered in light of the evolution of the case law in this area, it is clear that compliance with rule 25.2(a)(2) is not an exception to *Manuel*.

Before *Manuel* was decided, the Court of Criminal Appeals had held that the predecessor to rule 25.2(a)(2) applied to appeals from the revocation of deferred adjudication probation. *See Watson v. State*, 924 S.W.2d 711, 714–15 (Tex.Crim.App. 1996). In *Watson*, the defendant received deferred adjudication in exchange for her guilty plea. After her probation was revoked, she appealed, complaining that the trial court prejudged her sentence. *Id.* at 712. The Court of Criminal Appeals held that "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Id.* at 714. Because the defendant was initially sentenced in accordance with the plea agreement, she could not appeal nonjurisdictional issues, including issues related to her sentence upon revocation, unless the trial court granted permission or the issues were raised by written pretrial motions. *Id.* at 714–15.

In *Manuel*, as in *Watson*, the defendant pleaded guilty in exchange for deferred adjudication. 994 S.W.2d at 659. After his probation was revoked, he appealed, contending the evidence adduced at the original plea proceeding was insufficient to prove his guilt. *Id.* at 660. Citing *Watson*, the Court of Criminal Appeals held that the appeal was foreclosed by the predecessor to rule 25.2(a)(2) because the trial court had not granted permission to appeal and the sufficiency of the evidence had not

been raised by written pretrial motion. *Id.* at 660 n. 2, 662 & n. 6. As noted above, the court also held that a defendant who receives deferred adjudication may not appeal issues related to the original plea proceeding in an appeal from the revocation of probation. *Id.* at 661–62. Thus, *Manuel* restricted even further than *Watson* the matters that a plea-bargaining defendant could appeal upon the revocation of deferred adjudication probation. *See Vidaurri*, 49 S.W.3d at 884.

Two years after *Manuel*, the court retreated substantially, but not completely, from *Watson*. In *Vidaurri*, the defendant, like Watson, received deferred adjudication in exchange for his guilty plea. After his probation was revoked, he appealed, complaining that the trial court failed to conduct a punishment hearing before sentencing him. *Id.* at 881. The appellate court held that it had no jurisdiction over this issue based on the predecessor to rule 25.2(a)(2) and a plain reading of *Watson*. *Id.* The Court of Criminal Appeals reversed this holding. The court held that because Vidaurri's claim that he was denied a punishment hearing upon the revocation of probation was unrelated to his conviction, the predecessor to rule 25.2(a)(2) did not apply. *Id.* at 884–85.

Although the court purported to disavow *Watson* only in part, *Vidaurri* seemed to deprive *Watson* of any viability in appeals from the revocation of deferred adjudication probation. After *Vidaurri*, *Watson* could only prohibit plea-bargaining defendants from raising issues related to the conviction in such appeals. *But see id.* at 888 (Keller, P.J., dissenting) ("*Watson* never purported to address whether original plea issues could be raised on an appeal from a sentence imposed after adjudication.").But the court had already prohibited raising issues related to the conviction in revocation appeals by holding in *Manu-*

*el* that a defendant could not raise issues related to the original guilty plea in an appeal from the revocation of deferred adjudication probation.[5]

*Watson* was partially resurrected in *Woods*. Woods, a juvenile, was certified to stand trial as an adult. She later pleaded guilty in exchange for deferred adjudication. On appeal from the revocation of probation, she attempted to raise an issue regarding the certification order. *Woods*, 68 S.W.3d at 668. Based on a statute governing certification orders, the appellate court held that the issue could be raised in an appeal from the revocation of probation. *Id.* at 668–69 & n. 4. The Court of Criminal Appeals granted review to determine "the proper time to appeal an order certifying a juvenile as an adult when the defendant has been placed on deferred adjudication probation." *Id.* at 668. Rather than addressing this issue, however, the court reversed the appellate court because Woods did not comply with the predecessor to rule 25.2(a)(2). *Id.* at 669–70. The court relied largely on *Watson* for this ruling. *See id.*

From reviewing these cases, it is clear that compliance with rule 25.2(a)(2) is not an exception to *Manuel*. Rather, noncompliance with rule 25.2(a)(2) is an additional barrier for a plea-bargaining defendant who wants to raise issues related to the plea and conviction in an appeal from the revocation of deferred adjudication proba-

tion. Therefore, even though Few obtained the trial court's permission to appeal, he is still prohibited from raising issues related to his original plea pursuant to *Manuel*.

### Issue Related to Adjudication of Guilt

 Few's fifth issue concerns whether the revocation of his probation was barred by limitations. Few does not cite any statute of limitations applicable to the revocation of probation. Instead, his argument focuses on whether the State exercised due diligence to adjudicate his guilt before his probation expired. He also argues that by deciding to proceed on the original Motion to Adjudicate instead of the First Amended Motion to Adjudicate, the State effectively and impermissibly amended its motion at the hearing. In *Connolly*, the Court of Criminal Appeals specifically held that a trial court's "decision on the due diligence issue [is] merely a part of its decision to revoke and proceed to judgment, and no appeal lies from that decision." 983 S.W.2d at 741. More generally, the court held that no appeal lies from errors "in the adjudication of guilt process." *Id.* Both of the arguments raised under Few's fifth issue concern the adjudication of guilt process. Therefore, we do not have the power to address the merits of this issue.[6]

---

5. Several concurring and dissenting justices opined that the *Vidaurri* majority had overruled *Watson sub silentio*. *See Vidaurri*, 49 S.W.3d at 887 (Womack, J., concurring) ("[T]he Court has today silently overruled *Watson*. I, like others, think *Watson* was obviously wrong and would say so explicitly. The statements [in the majority opinion] can only lead to confusion.") *(footnotes omitted)*; *id.* at 888 (Keller, P.J., dissenting) ("The Court's opinion today would hold appealable the very type of claim we held in *Watson* to be barred. As a result, the Court appears to have overruled *Watson* without saying so.");

*see also id.* at 887–88 (Johnson, J., concurring) (arguing that unless there is a new plea agreement at the revocation stage, the predecessor to rule 25.2(a)(2) should not apply).

6. Just as compliance with rule 25.2(a)(2) is not an exception to *Manuel*, it is also not an exception to article 42.12, section 5(b). *See Pearson v. State*, 974 S.W.2d 63, 65 n. 1 (Tex.App.-San Antonio 1998), *rev'd on other grounds*, 994 S.W.2d 176 (Tex.Crim.App. 1999).

## CONCLUSION

For the reasons stated herein, the State's motion to dismiss is granted, and the appeal is dismissed.