WHEELER v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-008-CR

JOHN LEE WHEELER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On August 22, 2002, this court affirmed Appellant John Lee Wheeler’s conviction for burglary of a habitation.
(footnote: 2)  On November 16, 2005, Appellant filed a motion in the trial court requesting a free copy of the entire reporter’s record from the trial for use in preparing a petition for writ of mandamus.  The trial court denied the request, and appellant seeks to appeal that ruling to this court.  We dismiss the appeal for want of jurisdiction.

On January 26, 2006, we notified Appellant of our concern that we lacked jurisdiction over this appeal and informed him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 44.3.  Appellant’s response contends we have jurisdiction over this appeal because he proved his entitlement to the free record  and the trial court certified his right to appeal. 

Rule 25.2(a)(2) of the rules of appellate procedure requires a trial court to
 certify a defendant’s right of appeal in every case in which it enters a judgment of guilt or other appealable order.  
Tex. R. App. P. 25.2(
a
)(2).
  In the instant case, the trial court signed a certification indicating that this case “involves another appealable order specifically:  Order Denying ‘Defendant’s Motion for Production of Reporter’s Record.’”

An appellate court has the ability to examine a certification for defectiveness.  
Dears v. State
, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005);
 Jackson v. State
, 168 S.W.3d 239, 241 (Tex. App.—Fort Worth 2005, no pet.); 
see also Stowe v. State
, 124 S.W.3d 228, 233 (Tex. App.—El Paso 2003, no pet.) (holding court of appeals has implied authority to inquire into the validity or accuracy of a trial court’s certification of a defendant’s right to appeal).  We are not deprived of the power to consider an appeal by a trial court's erroneous certification that the defendant does not have the right of appeal, nor are we
 vested with the power to consider an appeal by virtue of a trial court's erroneous certification that the defendant does have the right of appeal. 
 See Few v. State
, 136 S.W.3d 707, 711 (Tex. App.—El Paso 2004, no pet.).

An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial proceedings when such request is not presented in conjunction with a timely-filed appeal.  
Self v. State
, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); 
Everett v. State
, 91 S.W.3d 386, 386 (Tex. App. —Waco 2002, no pet.); 
see also
 
Binder v. State
, No. 02-03-300-CR, 2003 WL 22430174, at *1 (Tex. App.—Fort Worth Oct. 23, 2003, no pet.) (not designated for publication).  Accordingly, we dismiss this appeal for want of jurisdiction. 

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Wheeler v. State
, No. 02-01-150-CR (Tex. App.—Fort Worth Aug. 22, 2002, pet. ref’d) (not designated for publication).