COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-008-CR

 

 

JOHN LEE WHEELER                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On August 22, 2002, this
court affirmed Appellant John Lee Wheeler=s conviction for burglary of a habitation.[2]  On November 16, 2005, Appellant filed a
motion in the trial court requesting a free copy of the entire reporter=s record from the trial for use in preparing a petition for writ of
mandamus.  The trial court denied the
request, and appellant seeks to appeal that ruling to this court.  We dismiss the appeal for want of
jurisdiction.

On January 26, 2006, we
notified Appellant of our concern that we lacked jurisdiction over this appeal
and informed him that the appeal would be dismissed for want of jurisdiction
unless he or any party desiring to continue the appeal filed with the court a
response showing grounds for continuing the appeal.  See Tex.
R. App. P. 44.3.  Appellant=s response contends we have jurisdiction over this appeal because he
proved his entitlement to the free record 
and the trial court certified his right to appeal. 

Rule 25.2(a)(2) of the rules
of appellate procedure requires a trial court to certify a defendant=s right of appeal in every case in which it enters a judgment of guilt
or other appealable order.  Tex. R. App. P. 25.2(a)(2). 
In the instant case, the trial court signed a certification indicating
that this case Ainvolves
another appealable order specifically: 
Order Denying >Defendant=s Motion for Production of Reporter=s Record.=@








An appellate court has the
ability to examine a certification for defectiveness.  Dears v. State, 154 S.W.3d 610, 614
(Tex. Crim. App. 2005); Jackson v. State, 168 S.W.3d 239, 241 (Tex. App.CFort Worth 2005, no pet.); see also Stowe v. State, 124 S.W.3d
228, 233 (Tex. App.CEl Paso
2003, no pet.) (holding court of appeals has implied authority to inquire into
the validity or accuracy of a trial court=s certification of a defendant=s right to appeal).  We are not
deprived of the power to consider an appeal by a trial court's erroneous
certification that the defendant does not have the right of appeal, nor are we
vested with the power to consider an appeal by virtue of a trial court's
erroneous certification that the defendant does have the right of appeal.  See Few v. State, 136 S.W.3d 707, 711
(Tex. App.CEl Paso
2004, no pet.).

An intermediate court of
appeals is not vested with jurisdiction to consider an appeal from an order
denying a request for a free copy of the trial proceedings when such request is
not presented in conjunction with a timely-filed appeal.  Self v. State, 122 S.W.3d 294, 294-95
(Tex. App.CEastland
2003, no pet.); Everett v. State, 91 S.W.3d 386, 386 (Tex. App. CWaco 2002, no pet.); see also Binder v. State, No.
02-03-300-CR, 2003 WL 22430174, at *1 (Tex. App.CFort Worth Oct. 23, 2003, no pet.) (not designated for
publication).  Accordingly, we dismiss
this appeal for want of jurisdiction. 

PER CURIAM

 

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  March 2, 2006











[1]See Tex. R. App. P. 47.4.





[2]Wheeler
v. State, No. 02-01-150-CR (Tex. App.CFort
Worth Aug. 22, 2002, pet. ref=d) (not designated for
publication).