COURT OF 
APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-05-301-CR
 
 
STEPHEN 
SISK                                                                    
APPELLANT
 
                                                   
V.
 
THE STATE OF 
TEXAS                                                                
STATE
 
                                              
------------
 
        FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM OPINION[1]
 
                                              
------------

Pursuant to a plea bargain 
agreement, Appellant Stephen Sisk pled nolo contendre in 2003 to assault with 
bodily injury to a family member, and the court placed him on deferred 
adjudication community supervision.  
In 2005, Appellant pled true, without the benefit of a plea bargain 
agreement, to allegations that he violated the terms and conditions of his 
community supervision.  The court 
assessed Appellant=s punishment at 90 
days= confinement in the Tarrant County 
jail.  Appellant has appealed 
challenging the voluntariness of his 2003 plea of nolo contendre. 

Generally, a defendant who is 
placed on deferred adjudication community supervision may raise issues relating 
to the original plea proceeding only in an appeal taken when deferred 
adjudication community supervision is first imposed.  Manuel v. State, 994 S.W.2d 658, 
661‑62 (Tex. Crim. App. 1999).  Such 
issues may not be raised in an appeal from an order revoking community 
supervision and adjudicating guilt.  Id.  There are two exceptions to the general 
rule stated in Manuel:  the 
Avoid judgment 
exception@ and the Ahabeas corpus 
exception.@  See Nix v. State, 65 S.W.3d 664, 
667 (Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783, 785 (Tex. 
Crim. App. 2001).

The void judgment exception 
applies in Arare situations,@ usually due to a lack of 
jurisdiction in the trial court.  Nix, 65 S.W.3d at 667.  A judgment of conviction is void 
when:  (1) the charging instrument 
does not satisfy the constitutional requisites of a charging instrument; (2) the 
trial court lacks  subject matter 
jurisdiction over the offense charged; (3) the record reflects there was no 
evidence to support the conviction; or (4) counsel was not appointed for an 
indigent defendant who has not waived the right to counsel.  Id. at 668.  The court of criminal appeals has 
stated, AWhile we hesitate to call this an 
exclusive list, it is very nearly so.@  Id.  An involuntary plea does not render a 
conviction void.  Jordan, 54 
S.W.3d at 785; Few v. State, 136 S.W.3d 707, 712 (Tex. App.CEl Paso 2004, no pet.). 

Like the void judgment exception, 
the habeas corpus exception has been narrowly drawn.  Pursuant to this exception, an appellate 
court must consider the merits of issues that were raised in a petition for writ 
of habeas corpus before community supervision was revoked if the issues are 
cognizable by a writ of habeas corpus and if the defendant attempted to litigate 
the issues at the revocation hearing.  
Nix, 65 S.W.3d at 669‑70; Jordan, 54 S.W.3d at 786.  At the 2005 proceeding on the 
State=s motion for adjudication of 
guilt, Appellant did not attempt to litigate the issue of the voluntariness of 
his 2003 plea of nolo contendre.[2] 


Because Appellant's complaint 
arises from his original plea, he was required to raise the issue in an appeal 
from the trial court=s order placing him on deferred 
adjudication community supervision.  
See Manuel, 994 S.W.2d at 661‑62; Webb v. State, 20 S.W.3d 
834, 835‑36 (Tex. App.CAmarillo 2000, no pet.).  An appeal on this ground should have 
been commenced within thirty days of the trial court=s judgment deferring 
Appellant=s guilt and placing him on 
community supervision.  See 
Tex. R. App. P. 26.2(a)(1).  No timely notice of appeal was filed 
from that judgment.  Therefore, we 
dismiss Appellant=s sole point and affirm the trial 
court=s judgment.
PER CURIAM
 
PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, 
J.
 
DO NOT 
PUBLISH
Tex. R. 
App. P. 
47.2(b)
 
DELIVERED:  March 23, 
2006




[1]See Tex. R. App. P. 
47.4.

[2]We note that Appellant was 
represented by counsel at the 2003 and 2005 hearings.