SISK v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-301-CR

STEPHEN SISK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain agreement, Appellant Stephen Sisk pled nolo contendre in 2003 to assault with bodily injury to a family member, and the court placed him on deferred adjudication community supervision.  In 2005, Appellant pled true, without the benefit of a plea bargain agreement, to allegations that he violated the terms and conditions of his community supervision.  The court assessed Appellant’s punishment at 90 days’ confinement in the Tarrant County jail.  Appellant has appealed challenging the voluntariness of his 2003 plea of nolo contendre. 

Generally, a defendant who is placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  Such issues may not be raised in an appeal from an order revoking community supervision and adjudicating guilt. 
 Id.
  There are two exceptions to the general rule stated in 
Manuel
:  the “void judgment exception” and the “habeas corpus exception.”  
See Nix v. State
, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); 
Jordan v. State
, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

The void judgment exception applies in “rare situations,” usually due to a lack of jurisdiction in the trial court. 
 Nix
, 65 S.W.3d at 667.  A judgment of conviction is void when:  (1) the charging instrument does not satisfy the constitutional requisites of a charging instrument; (2) the trial court lacks  subject matter jurisdiction over the offense charged; (3) the record reflects there was no evidence to support the conviction; or (4) counsel was not appointed for an indigent defendant who has not waived the right to counsel.  
Id.
 at 668.  The court of criminal appeals has stated, “While we hesitate to call this an exclusive list, it is very nearly so.”  
Id.
  An involuntary plea does not render a conviction void.  
Jordan
, 54 S.W.3d at 785; 
Few v. State
, 136 S.W.3d 707, 712 (Tex. App.—El Paso 2004, no pet.). 

Like the void judgment exception, the habeas corpus exception has been narrowly drawn.  Pursuant to this exception, an appellate court must consider the merits of issues that were raised in a petition for writ of habeas corpus before community supervision was revoked if the issues are cognizable by a writ of habeas corpus and if the defendant attempted to litigate the issues at the revocation hearing.  
Nix
, 65 S.W.3d at 669-70; 
Jordan
, 54 S.W.3d at 786.  At the 2005 proceeding on the State’s motion for adjudication of guilt, Appellant did not attempt to litigate the issue of the voluntariness of his 2003 plea of nolo contendre.
(footnote: 2) 

Because Appellant's complaint arises from his original plea, he was required to raise the issue in an appeal from the trial court’s order placing him on deferred adjudication community supervision.  
See Manuel,
 994 S.W.2d at 661-62; 
Webb v. State
, 20 S.W.3d 834, 835-36 (Tex. App.—Amarillo 2000, no pet.).  An appeal on this ground should have been commenced within thirty days of the trial court’s judgment deferring Appellant’s guilt and placing him on community supervision.  
See
 
Tex. R. App. P.
 26.2(a)(1)
.  No timely notice of appeal was filed from that judgment.  Therefore, we dismiss Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We note that Appellant was represented by counsel at the 2003 and 2005 hearings.