Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued April 27,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-04-00966-CR

          01-04-00967-CR

          01-04-00968-CR

          01-04-00969-CR

          01-04-00970-CR

          01-04-00971-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROBERT C. EDWARDS JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause Nos. 690497, 976234, 976235, 964983,
964984, 714626

 








 

 



MEMORANDUM OPINION

 

          Robert
C. Edwards Jr. appeals a trial court judgment adjudicating him guilty of six
felony offenses: aggravated assault, burglary of a habitation with the intent
to commit aggravated assault, two counts of indecency with a child, and two
counts of aggravated sexual assault of a child. 
The trial court assessed punishment at life imprisonment for each offense.  The court ordered that the life sentences for
aggravated assault, burglary, and one count of indecency with a child would run
concurrently, after which Edwards would serve his concurrent life sentences for
the remaining count of indecency with a child and the two counts of aggravated
sexual assault of a child (the “stacking order”).  Edwards contends (1) the trial court erred in
adjudicating him pursuant to the State’s Second Amended Motion to Adjudicate
Guilt because the State did not file it until after his community supervision
term had ended, (2) the stacking order is null because it is based upon the
null Second Amended Motion to Adjudicate Guilt, and (3) the imposition of two
consecutive life sentences violates due process and the doctrine of
proportionality.  We affirm.

Background

          In
April 1995, the State charged Edwards with aggravated assault.  One year later, the State charged him with
burglary of a habitation with the intent to commit aggravated assault.  Edwards pleaded guilty to both offenses
without an agreed recommendation from the State as to punishment.  He also pleaded true to the enhancement
paragraphs alleging that he had previously committed arson.  On July 16, 1996, the trial court deferred
adjudication and placed Edwards on community supervision for eight years.

On October 16, 2003, the State
charged Edwards with two counts of indecency with a child.  Based on these new charges, the State filed a
Motion to Adjudicate Guilt one week later, alleging that Edwards had violated the
conditions of his community supervision by intentionally and knowingly touching
the breasts and genitals of a child under the age of seventeen.  Three months later, the State amended its Motion
to Adjudicate Guilt by adding allegations that Edwards had violated the
conditions of his community supervision by intentionally and knowingly possessing
child pornography.

The State subsequently charged
Edwards with two additional counts of aggravated sexual assault of a
child.  Based on these new charges, the
State filed a Second Amended Motion to Adjudicate Guilt on August 25, 2004, in
which it added allegations that Edwards had violated the conditions of his
community supervision by (1) intentionally and knowingly causing the mouth of a
child under the age of fourteen to contact his sexual organ, (2) intentionally
and knowingly placing his sexual organ in the female sexual organ of a child
under the age of fourteen, (3) intentionally and knowingly exposing his
genitals to a child under the age of seventeen, and (4) intentionally and
knowingly causing a child under the age of seventeen to expose her genitals and
to pose for nude photographs.

Edwards pleaded not guilty and waived
his right to a jury trial on the counts of indecency with a child and aggravated
sexual assault of a child.  The trial
judge held a four-day court trial in September 2004.  After hearing testimony from eighteen
witnesses, including the child complainants and Edwards, the trial court found
Edwards guilty of both counts of indecency with a child and both counts of
aggravated sexual assault of a child.  The
court also found the remaining allegations in the State’s Second Amended Motion
to Adjudicate Guilt true[1]
and formally adjudicated Edwards guilty of the original offenses of aggravated
assault and burglary of a habitation with the intent to commit aggravated
assault.  After holding a separate
punishment hearing, the trial court sentenced Edwards to life imprisonment for
each offense.  The court ordered that the
life sentences for aggravated assault, burglary, and one count of indecency
with a child would run concurrently, after which Edwards would serve his
concurrent life sentences for the remaining count of indecency with a child and
the two counts of aggravated sexual assault of a child.  This appeal followed.

Analysis

Second
Amended Motion to Adjudicate Guilt

 

          Edwards
contends the trial court erred in adjudicating him pursuant to the State’s
Second Amended Motion to Adjudicate Guilt because the State did not file its
second amended motion until after Edwards’s community supervision term
had ended, making it a nullity.  Edwards
also asserts that the trial court’s stacking order is null because it states
that the sentences for aggravated sexual assault of a child and one count of
indecency with a child are to be served consecutively to the sentences imposed
pursuant to the Second Amended Motion to Adjudicate Guilt.  According to Edwards, “as the decision to
stack cannot be separated out from the adjudications,” and the adjudications
were based upon a null motion to adjudicate, the decision to stack is also void.  The State maintains that “it is not at all
clear that [Edwards] should be permitted to challenge the trial court’s
adjudication of his guilt in this manner because [the Texas Code of Criminal
Procedure] prevents a defendant from bringing an appeal from the trial court’s
decision to adjudicate a defendant’s guilt.”

          The
Code of Criminal Procedure provides as follows:

On violation of a condition of community supervision .
. . , the defendant may be arrested and detained . . . .  The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an adjudication
of guilt on the original charge.  No
appeal may be taken from this determination.  After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant’s appeal continue as if the
adjudication of guilt had not been deferred.

 

Tex. Code
Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon Supp. 2005) (emphasis added).

          The
Court of Criminal Appeals recently clarified the meaning of this
provision.  The court instructed that “if
an appeal raises a claim of purported error in the adjudication of guilt
determination, a court of appeals should dismiss that claim without reaching
the merits.”  Hogans v. State, 176
S.W.3d 829, 832 (Tex. Crim. App. 2005) (citing Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (“[A]s there is nothing in the Texas
Constitution which guarantees the right to appeal a criminal conviction, that
right is only as provided by the legislature. 
It naturally follows that when a legislative enactment says an accused
may not appeal a determination to adjudicate, there is no right to do
so.”)).  In contrast, a defendant may
“appeal aspects of the second phase to determine punishment.”  Id. at 833 (internal quotation marks and
citation omitted).  However,

[t]he fact that a defendant may appeal sentencing
claims that temporally occur during adjudication “proceedings” does not give an
appellate court jurisdiction to consider any issue framed as a punishment
issue.  Rather, the asserted error must
directly and distinctly concern the second phase; the claim must, on its face,
relate to the sentence imposed, not to the decision to adjudicate.  Any other rule would eviscerate the Section
5(b) bar on direct appeals of the decision to adjudicate.

 

Id. at 834 (internal citation omitted).  The section 5(b) bar on direct appeals
“includes all complaints related to the trial court’s decision to proceed to an
adjudication of guilt, except for those challenging the trial court’s
jurisdiction.”  Id. at 832 n.6
(citing Nix v. State, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001)
(recognizing applicability of “void judgment” exception to deferred
adjudication proceedings)).  The “void
judgment” exception acknowledges that “there are some rare situations in which
a trial court’s judgment is accorded no respect due to a complete lack of power
to render the judgment in question.  A
void judgment is a ‘nullity’ and can be attacked at any time.”  Nix, 65 S.W.3d at 667–68.

          Here,
Edwards contends the trial court erred in sentencing him pursuant to the
State’s Second Amended Motion to Adjudicate Guilt because the State filed its
motion after his community supervision term had ended.  Edwards also asserts that the stacking order
is void because it is based upon the void sentence imposed pursuant to the
second amended motion.  Under Hogans
and Nix, we may consider Edwards’s contention that the trial court’s
judgment is void.

A judgment is void “only in very rare
situations—usually due to a lack of jurisdiction.”  Id. at 668.  In the deferred adjudication context, a trial
court retains jurisdiction to hear a motion to adjudicate if the State files
its motion and the court issues a capias before the expiration of the community
supervision period.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(h) (Vernon Supp. 2005).  It is
undisputed in this case that the State moved to adjudicate Edwards’s offenses
of aggravated assault and burglary of a habitation with the intent to commit
aggravated assault before the expiration of his community supervision.[2]  The trial court thus retained
jurisdiction.  Once the State invokes the
court’s jurisdiction, it may amend its motion to adjudicate at any time up to
seven days before the date of the adjudication hearing.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2005).  Here, the State filed its Second Amended
Motion to Adjudicate Guilt on August 25, 2004, more than seven days before the September
7 hearing.  Accordingly, we conclude that
the trial court had jurisdiction to adjudicate Edwards pursuant to the State’s
Second Amended Motion to Adjudicate Guilt, and we therefore lack jurisdiction to
address Edwards’s claims of purported error in the adjudication of guilt
determination.  See Few v. State,
136 S.W.3d 707, 709–10, 712, 715 (Tex. App.—El Paso 2004, no pet.) (holding
that section 5(b) barred consideration of appellant’s argument that State had
improperly amended its motion to adjudicate at adjudication hearing held after
appellant’s probation had expired because “no appeal lies from errors in the
adjudication of guilt process”) (internal quotation marks and citation omitted).

Consecutive
Life Sentences

 

          Edwards
contends the trial court’s imposition of two consecutive life sentences
violates his due process rights and the doctrine of proportionality in light of
his “clear history of abuse, his need for medication and his apparent lingering
effects of his childhood trauma.”  As
this asserted error relates to the sentences imposed rather than the decision
to adjudicate, we have jurisdiction to address it.  See Hogans, 176 S.W.3d at 834.  We conclude, however, that Edwards failed to
preserve this issue for appeal.

          “It
is well established that almost every right, constitutional and statutory, may
be waived by failing to object.”  Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d) (citing Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App.
1986)).  To preserve a complaint for
appellate review, a party must present to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling.  Tex.
R. App. P. 33.1(a).  Here, Edwards
did not object to his sentences on either disproportionality or due process
grounds at the time they were imposed; nor did he raise these arguments in a
post-trial motion.  We therefore hold
that Edwards has waived any error.  See
Holley v. State, 167 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2005,
pet. ref’d) (holding that appellant waived proportionality argument by failing
to timely object to sentence); Marrow v. State, 169 S.W.3d 328, 329–30
(Tex. App.—Waco 2005, pet. ref’d) (holding that appellant failed to preserve
argument that cumulation of sentences violated due process because he did not
object to sentences on this ground); Rodriguez v. State, 71 S.W.3d 778,
779 (Tex. App.—Texarkana 2002, no pet.) (“[A] defendant is required to raise in
the trial court at the time the sentence is imposed any objection he might have
on the ground of disproportionality.”); Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (holding that
appellant waived argument that five consecutive life sentences constituted
cruel and unusual punishment by failing to either object at time sentences were
announced or raise argument in post-trial motion); Solis, 945 S.W.2d at
301–02 (holding that appellant waived any error by failing to object to alleged
disproportionality of sentences).

          Even
if Edwards had preserved error, the two consecutive life sentences are not
disproportionate to the crimes Edwards committed.  In his brief, Edwards “clarif[ies] that his
argument is against the stacking, one upon the other herein, of two life
sentences.”  The Texarkana Court of
Appeals recently examined the stacking issue in Williamson v. State, 175
S.W.3d 522 (Tex. App.—Texarkana 2005, no pet.). 
In that case, a jury had convicted Williamson of three counts of
aggravated sexual assault of a child and had sentenced him to three life terms,
which the trial court ordered would run consecutively.  Id. at 523.  Like Edwards, Williamson did not argue on
appeal that each individual sentence was excessive—rather, he argued that stacking
three life terms was disproportionate and a violation of the constitutional
prohibition against cruel and unusual punishment.  Id. at 523–24.

          In
holding that the imposition of three consecutive life sentences was not cruel
and unusual, the Texarkana Court of Appeals “first recognize[d] that there is
authority stating that the cumulation of sentences does not constitute cruel
and unusual punishment.”  Id. at 524
(citing Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); Baird
v. State, 455 S.W.2d 259 (Tex. Crim. App. 1970); Quintana v. State,
777 S.W.2d 474, 480 (Tex. App.—Corpus Christi 1989, pet. ref’d)).  The court then applied the proportionality
analysis established by the United States Supreme Court in Solem v. Helm,
463 U.S. 277, 103 S. Ct. 3001 (1983), and concluded that the imposition of
three consecutive life sentences did not result in grossly disproportionate
punishment for the offenses for which Williamson was convicted.  Williamson, 175 S.W.3d at 525.

          In
Solem, the Supreme Court identified three criteria to use in evaluating
the proportionality of a particular sentence: (1) the gravity of the offense
and the harshness of the punishment, (2) the sentences imposed on other
criminals in the same jurisdiction, and (3) the sentences imposed for the same
offense in other jurisdictions.  Solem,
463 U.S. at 292, 103 S. Ct. at 3011.  As
the Williamson court observed, only if a reviewing court finds that the
sentence is grossly disproportionate to the offense should it then consider the
final two factors of the Solem test. 
Williamson, 175 S.W.3d at 525; see also McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992) (“Only if we infer that the sentence
is grossly disproportionate to the offense will we then consider the remaining
factors of the Solem test . . . .”); Dale v. State, 170 S.W.3d
797, 799–800 (Tex. App.—Fort Worth 2005, no pet.) (same).  Punishment is grossly disproportionate only
when an objective comparison of the gravity of the offense against the severity
of the sentence reveals the sentence to be extreme.  Hicks v. State, 15 S.W.3d 626, 632
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  We judge the gravity of the offense in light
of the harm caused or threatened to the victim or society and the culpability
of the offender.  Dale, 170 S.W.3d
at 800.

          Here,
after committing arson, and after pleading guilty and being placed on community
supervision for both aggravated assault and burglary of a habitation with the
intent to commit aggravated assault, Edwards admittedly violated the conditions
of his community supervision by having sexual intercourse with his twelve-year-old
stepdaughter on “several” occasions.  Edwards’s
wife participated in some of these incidents; in fact, Edwards and his wife
made a videotape of one of their sexual encounters with Edwards’s stepdaughter,
which the State introduced into evidence. 
The State also introduced forty-four nude photographs that Edwards had
taken of a seven-year-old girl from his neighborhood.  Edwards admitted posing nude with the girl,
and the evidence additionally showed that he molested her.  In light of the severe harm suffered by the
young victims of Edwards’s sexual abuse, together with his prior felony
offenses, we conclude that Edwards’s two consecutive life sentences are not
grossly disproportionate.  See Rummel
v. Estelle, 445 U.S. 263, 265–66, 276, 100 S. Ct. 1133, 1135–36, 1140
(1980) (holding life sentence under Texas recidivist statute for felony offense
of obtaining $120.75 by false pretenses did not constitute cruel and unusual
punishment, where appellant was previously convicted of passing forged check in
amount of $28.36 and fraudulently using credit card to obtain $80 worth of
goods or services); United States v. Yousef, 327 F.3d 56, 163 (2d Cir.
2003) (recognizing that appellant’s sentence, even if well beyond his life
expectancy, was not grossly disproportionate to his crimes); United States
v. Parker, 877 F.2d 327, 333–34 (5th Cir. 1989) (upholding appellant’s
punishment of two consecutive life sentences for conspiracy and kidnapping); Williamson,
175 S.W.3d at 523, 525 (upholding appellant’s punishment of three consecutive
life sentences for three counts of aggravated sexual assault of child); see
also Williams v. State, 10 S.W.3d 370, 371, 373 (Tex. App.—Tyler
1999, pet. ref’d) (holding that appellant’s life sentence for second conviction
of sexually assaulting child did not violate due process).

Conclusion

          We
affirm the judgment of the trial court.

 

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft, Higley,
and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1] With respect to the State’s allegations regarding
intentional and knowing possession of child pornography, the trial court found
that Edwards had possessed photographs, but not diskettes, depicting child
pornography.

 





[2] Edwards’s community supervision expired on July 15,
2004.  The State filed its Motion to
Adjudicate Guilt on October 22, 2003.