FLYNN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-461-CR

DWAYNE SCOTT FLYNN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Dwayne Scott Flynn appeals from the trial court’s decision to adjudicate him guilty of sexual assault of a child.  In one point, appellant contends that the condition of community supervision that he violated was invalid.  We affirm.

On October 27, 1997, appellant pled guilty pursuant to a plea bargain to the offense of sexual assault of a child, and the trial court placed him on deferred adjudication community supervision in accordance with the plea bargain.  One of the conditions of appellant’s community supervision, which was specifically included in the State’s recommendations and agreed to by appellant, was that he not contact the complainant or her family in any way.  Appellant did not complain about the condition at trial, nor did he thereafter file a motion to amend the conditions of his community supervision.

Around July 20, 2006, the complainant, now an adult, contacted appellant by telephone.  Although appellant told her that it was a violation of his community supervision to have contact with her, they subsequently contacted each other in person, by telephone, and by email numerous times.   On September 20, 2006, the State filed a petition to proceed to adjudication, alleging that on twenty occasions, appellant had violated the condition of his community supervision prohibiting him from contacting the complainant.  On December 8, 2006, appellant pled true to the State’s allegations regarding his contacting the complainant, and the trial court adjudicated him guilty and sentenced him to ten years’ confinement.
(footnote: 1)  Nothing in the record shows that appellant complained about this condition of his community supervision to the trial court. 

In his sole point, appellant contends that the condition of his community supervision prohibiting him from contacting the complainant is unconstitutional because it illegally interferes with his right to marry and is not reasonably related to the goals of his community supervision.  Because appellant is appealing the trial court’s adjudication of his deferred adjudication community supervision, his appeal 
is limited to potential errors not affecting the decision to adjudicate and post-adjudication matters unrelated to his conviction.
  
See
 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b) (Vernon 2006)(former version);
(footnote: 2) 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006)
.

Appellant concedes that he is attempting to appeal the trial court’s decision to adjudicate; thus, his complaint does not fall within either of these categories of appealable matters.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (former version) (providing that when a defendant violates a condition of community supervision, he is entitled to a hearing limited to the determination by the trial court of whether it proceeds with an adjudication of guilt on the original charge, and no appeal may be taken from this determination); 
Williams v. State
, 592 S.W.2d 931, 932-33 (Tex. Crim. App. [Panel Op.] 1979).
  But appellant contends that we may review his point under the habeas corpus exception to the general rule prohibiting a defendant from raising issues related to the original plea proceeding in an appeal from an adjudication of guilt.  
See Nix v. State
, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); 
Jordan v. State
, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); 
Few v. State
, 136 S.W.3d 707, 711 (Tex. App.—El Paso 2004, no pet.).

The habeas corpus exception to 
Manuel
 is narrowly drawn.  
Few
, 136 S.W.3d at 711.  Under this exception, an appellate court may consider the merits of issues that were raised in a petition for writ of habeas corpus if the defendant also attempted to litigate the issues at the adjudication hearing.  
Nix
, 65 S.W.3d at 669-70; 
Jordan
, 54 S.W.3d at 786; 
Few
, 136 S.W.3d at 711.  For the habeas corpus exception to apply, however, the defendant must have actually filed an application for writ of habeas corpus with the trial court.  
Nix
, 65 S.W.3d at 670; 
Jordan
, 54 S.W.3d at 786; 
see Few
, 136 S.W.3d at 713.  Nothing in the appellate record shows that appellant did so; thus, the habeas corpus exception does not apply to his complaint.  
See Stowe v. State
, 124 S.W.3d 228, 234 (Tex. App.—El Paso 2003, order).

Appellant has asserted no other ground enabling us to review his complaint.  Accordingly, we dismiss his sole point, and affirm the trial court’s judgment.  
See Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); 
Tatum v. State
, 166 S.W.3d 362, 364 (Tex. App.—Fort Worth 2005, pet. ref’d).

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: September 27, 2007

FOOTNOTES
1:
At the adjudication hearing, the complainant testified that she was in love with appellant and wanted to spend the rest of her life with him even though she was married at the time. 

2:
The Legislature has amended section 5(b) to provide that a trial court’s determination of whether to proceed to an adjudication of guilt “is reviewable in the same manner as a revocation hearing conducted under section 21 [of article 42.12] in a case in which an adjudication of guilt had not been deferred.”  
Act of May 28, 2007, 80
th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4405 (Vernon) 
(to be codified as an amendment to 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b))
.  However, the amendment applies only to appeals in which the adjudication hearing was held on or after June 15, 2007.  
See
 Act of May 28, 2007, 80
th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423 (Vernon)