COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-461-CR

 

 

DWAYNE SCOTT FLYNN                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Dwayne Scott Flynn
appeals from the trial court=s decision to adjudicate him guilty of sexual assault of a child.  In one point, appellant contends that the
condition of community supervision that he violated was invalid.  We affirm.








On October 27, 1997, appellant
pled guilty pursuant to a plea bargain to the offense of sexual assault of a
child, and the trial court placed him on deferred adjudication community
supervision in accordance with the plea bargain.  One of the conditions of appellant=s community supervision, which was specifically included in the State=s recommendations and agreed to by appellant, was that he not contact
the complainant or her family in any way. 
Appellant did not complain about the condition at trial, nor did he
thereafter file a motion to amend the conditions of his community supervision.

Around July 20, 2006, the
complainant, now an adult, contacted appellant by telephone.  Although appellant told her that it was a
violation of his community supervision to have contact with her, they
subsequently contacted each other in person, by telephone, and by email
numerous times.   On September 20, 2006,
the State filed a petition to proceed to adjudication, alleging that on twenty
occasions, appellant had violated the condition of his community supervision
prohibiting him from contacting the complainant.  On December 8, 2006, appellant pled true to
the State=s
allegations regarding his contacting the complainant, and the trial court
adjudicated him guilty and sentenced him to ten years= confinement.[1]  Nothing in the record shows that appellant
complained about this condition of his community supervision to the trial
court.        








In his sole point, appellant
contends that the condition of his community supervision prohibiting him from
contacting the complainant is unconstitutional because it illegally interferes
with his right to marry and is not reasonably related to the goals of his
community supervision.  Because appellant
is appealing the trial court=s adjudication of his deferred adjudication community supervision, his
appeal is limited to potential errors not affecting the decision to adjudicate
and post-adjudication matters unrelated to his conviction.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006)(former version);[2]
Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).








Appellant concedes that he is
attempting to appeal the trial court=s decision to adjudicate; thus, his complaint does not fall within
either of these categories of appealable matters.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (former version) (providing that when a defendant violates a
condition of community supervision, he is entitled to a hearing limited to the
determination by the trial court of whether it proceeds with an adjudication of
guilt on the original charge, and no appeal may be taken from this
determination); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim.
App. [Panel Op.] 1979).  But appellant
contends that we may review his point under the habeas corpus exception to the
general rule prohibiting a defendant from raising issues related to the
original plea proceeding in an appeal from an adjudication of guilt.  See Nix v. State, 65 S.W.3d 664, 667
(Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783, 786 (Tex. Crim.
App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999); Few v. State, 136 S.W.3d 707, 711 (Tex. App.CEl Paso 2004, no pet.).








The habeas corpus exception
to Manuel is narrowly drawn.  Few,
136 S.W.3d at 711.  Under this exception,
an appellate court may consider the merits of issues that were raised in a
petition for writ of habeas corpus if the defendant also attempted to litigate
the issues at the adjudication hearing.  Nix,
65 S.W.3d at 669-70; Jordan, 54 S.W.3d at 786; Few, 136 S.W.3d at
711.  For the habeas corpus exception to
apply, however, the defendant must have actually filed an application for writ
of habeas corpus with the trial court.  Nix,
65 S.W.3d at 670; Jordan, 54 S.W.3d at 786; see Few, 136 S.W.3d
at 713.  Nothing in the appellate record
shows that appellant did so; thus, the habeas corpus exception does not apply
to his complaint.  See Stowe v. State,
124 S.W.3d 228, 234 (Tex. App.CEl Paso 2003, order).

Appellant has asserted no
other ground enabling us to review his complaint.  Accordingly, we dismiss his sole point, and
affirm the trial court=s
judgment.  See Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Tatum v. State, 166 S.W.3d 362,
364 (Tex. App.CFort Worth
2005, pet. ref=d).

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
September 27, 2007











[1]At
the adjudication hearing, the complainant testified that she was in love with
appellant and wanted to spend the rest of her life with him even though she was
married at the time. 





[2]The
Legislature has amended section 5(b) to provide that a trial court=s
determination of whether to proceed to an adjudication of guilt Ais
reviewable in the same manner as a revocation hearing conducted under section
21 [of article 42.12] in a case in which an adjudication of guilt had not been
deferred.@  Act of May 28, 2007, 80th Leg., R.S., ch.
1308, 2007 Tex. Sess. Law Serv. 4404, 4405 (Vernon) (to be codified as an
amendment to Tex. Code Crim. Proc. Ann.
art. 42.12, '
5(b)).  However, the amendment applies
only to appeals in which the adjudication hearing was held on or after June 15,
2007.  See Act of May 28, 2007,
80th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423 (Vernon)